**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ASSOCIATION FOR COMMUNITY AFFILIATED PLANS, *et al.*,<br><br>Plaintiffs<br><br>v.<br><br>UNITED STATES DEPARTMENT OF TREASURY, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 18-2133 (RJL)

## DEFENDANTS' ANSWER

Defendants, the United States Departments of the Treasury, Labor, and Health and Human Services (the "Departments"), and their respective Secretaries (collectively, "Defendants"), respectfully answer the Complaint as follows:[1]

## I.
## INTRODUCTION

1.      The first, second, and third sentences of this paragraph contain only legal conclusions and characterizations about the Affordable Care Act ("ACA"), not averments of fact to which a response is required.  The fourth sentence contains only a quotation from a final rule issued by the Departments pertaining to short-term, limited duration insurance (the "STLDI Rule"), which speaks for itself and to which no response is required.

---

[1] Defendants note that, to the extent the Court has jurisdiction over Plaintiffs' claims, the Court's review shall be based solely on the administrative record, not on the allegations of the parties in their respective pleadings.

2.      As to the first sentence, Defendants admit only that the Departments issued the STLDI Rule in August 2018; otherwise deny.  Deny the second and third sentences.[2]

2.      The first sentence contains only a characterization of the STLDI Rule, which speaks for itself and to which no response is required, and conclusions of law, to which no response is required.  The first clause of the second sentence contains only a characterization of the STLDI Rule and a prior rule pertaining to STLDI, which speak for themselves and to which no response is required.  Deny the second clause of the second sentence.  Deny the remainder of the paragraph.

3.      Defendants deny the allegations in the first two sentences.  The remaining bulleted portions of this paragraph contain only characterizations of the ACA and the STLDI Rule, speculation about the STLDI Rule's alleged potential effects on insurance markets in the future, and conclusions of law, not averments of fact to which a response is required.  To the extent a response is required, deny.

4.      As to the first sentence, admit only that the Centers for Medicare & Medicaid Services ("CMS") Office of the Actuary ("OACT") performed a projection estimating that, by 2028, premiums for unsubsidized enrollees in the ACA Exchanges could increase by five percent. The remainder of this paragraph contains only characterizations of a study commissioned by the Plaintiffs, which speaks for itself and to which no response is required.

5.      As to the first sentence, admit that short-term, limited duration insurance ("STLDI") plans have existed for decades; otherwise deny.  The second sentence contains only a characterization of a comment cited in footnote 2, which speaks for itself and to which no response is required.  To the extent a further response is deemed necessary, Defendants lack information or

_____

[2] The paragraph numbering in Plaintiffs' Complaint is non-sequential.  Defendants track Plaintiffs' paragraph numbers in this Answer.

knowledge sufficient to admit or deny Plaintiffs' averments about the opinions of "insurers who offer [STLDI] coverage." The remainder of this paragraph contains only legal conclusions and characterizations of the ACA, not averments of fact to which a response is required.

6.      Defendants lack information or knowledge sufficient to admit or deny the experiences of the two consumers and the other unspecified consumers alleged in this paragraph. Defendants note that the STLDI Rule contains a notice requirement specifically designed to inform customers that STLDI is not the same as ACA-compliant insurance so that they do not purchase STLDI mistakenly.

7.      The first sentence contains only conjecture about the reasons for the anecdotal outcomes alleged in paragraph 6, which Defendants deny, and conclusions of law regarding the ACA and the STLDI Rule, not averments of fact to which a response is required. As to the second sentence, admit only that prior to the ACA, in the absence of state requirements to the contrary, insurers in the individual market generally could deny coverage or charge higher premiums to consumers with pre-existing conditions; otherwise deny. The third and fourth sentences contain only legal conclusions and argument about the ACA, not averments of fact to which a response is required.

8.      This paragraph contains Plaintiffs' incomplete and inaccurate characterization of the ACA, not allegations of fact, and, as such, no response is required. Defendants respectfully refer the Court to the ACA for a complete and accurate statement of its contents. To the extent a further response is required, deny.

9.      The first clause of the first sentence contains only legal conclusions and legal arguments about the ACA and other laws, not averments of fact to which a response is required. The remainder of this paragraph contains only subjective opinion about the type of insurance that

is best for hypothetical individuals in hypothetical circumstances; to the degree those subjective opinions are construed as factual allegations, deny.

10.     Admit that the Departments promulgated a final rule on October 31, 2016 pertaining to STLDI (the "2016 Rule").  The remainder of this paragraph contains Plaintiffs' inaccurate characterization of the 2016 Rule, not allegations of fact, and, as such, no response is required.  Defendants respectfully refer the Court to the 2016 Rule for a complete and accurate statement of its contents.  To the extent a further response is required, deny.

11.     As to the first sentence, admit that President Trump took office on January 20, 2017. The second sentence contains only characterizations of a Twitter message, or "Tweet," and other unspecified statements by President Trump, which speak for themselves and to which no response is required.  As to the third sentence, admit that President Trump signed an Executive Order on January 20, 2017; the remaining allegations contain only characterizations of that Executive Order, not allegations of fact and, as such, no response is required.  Defendants respectfully refer the Court to the Executive Order for a complete and accurate statement of its contents.

12.     Admit only that Congress generally can repeal its own laws and that Congress has not repealed the ACA.  Deny the remaining allegations in this paragraph.

13.     The allegations in the first five sentences contain only conclusions of law and argument pertaining to the operation of the STLDI Rule and its alleged effects, to which no response is required.  Deny the sixth sentence.  The seventh sentence contains only characterization of comments to the STLDI Rule, which speak for themselves and to which no response is required. To the extent a response is required, deny.  As to the eighth sentence, admit that the Departments finalized the STLDI Rule and that it became effective October 2, 2018.

14.     Deny.

15.     As to the first sentence, admit that Plaintiffs are organizations and that some of the Plaintiffs participated in the 2018 rulemaking; lack information sufficient to admit or deny the allegation about Plaintiffs' beliefs in the remainder of the sentence.   Defendants deny the allegations in the second sentence.   As to the bulleted portions of the remainder of this paragraph, Defendants lack information or knowledge sufficient to admit or deny Plaintiffs' descriptions of themselves; deny the remaining allegations.

16.     Deny.

## II.
## JURISDICTION & VENUE

17.     This paragraph contains only conclusions of law and not averments of fact to which a response would be required.

18.     This paragraph contains only conclusions of law and not averments of fact to which a response would be required.

## III.
## PARTIES

19.     Admit that Plaintiff Association for Community Affiliated Plans ("ACAP") is a trade association of health insurance plans and that some of those plans sell individual insurance coverage in the marketplace for ACA-compliant insurance; Defendants lack information or knowledge sufficient to admit or deny the remainder of the allegations in this paragraph.

20.     Defendants lack information or knowledge sufficient to admit or deny Plaintiffs' description of ACAP in this paragraph.

21.     Admit that the quoted language appears in ACAP's August 9, 2016 comment to the 2016 Rule.

22.     Admit that the quoted language in the first sentence appears in ACAP's April 20, 2018 comment to the STLDI Rule.   Defendants lack information or knowledge to admit or deny

Plaintiffs' allegations regarding ACAP's arrangements with the Wakely Consulting Group as stated in the first clause of the second sentence.  As to the second clause of the second sentence, Defendants admit that the quoted language appears in the report issued by the Wakely Consulting Group.  The remaining allegations in this paragraph contain only characterizations of the Wakely Consulting Group report, which speaks for itself and to which no response is required.

23.    Deny.

24.    Admit that Community Health Choice Inc. ("CHC") is an HMO that sells plans on the federally-facilitated Exchange in Texas.  Defendants lack information or knowledge sufficient to admit or deny the remaining allegations about CHC in this paragraph.

25.    Defendants lack information or knowledge sufficient to admit or deny Plaintiffs' description of CHC and its enrollees as alleged in this paragraph.

26.    Defendants lack information or knowledge sufficient to admit or deny Plaintiffs' description of CHC's enrollees or whether they are "good candidates for STLDI plans," as alleged in the first and second sentences.  As to the first clause of the third sentence, Defendants lack information or knowledge sufficient to confirm or deny the characterization of CHC's target population and the types of products marketed to that population.  Deny the second clause of the third sentence.  Defendants lack information or knowledge sufficient to admit or deny the fourth and fifth sentences.

27.    Defendants lack information sufficient to admit or deny the allegations in this paragraph.

28.    Defendants lack information sufficient to admit or deny the allegations pertaining to CHC's expectations; deny the remainder of the allegations in this paragraph.

29.    Deny.

30.     Defendants lack information or knowledge sufficient to admit or deny the allegations about CHC's affiliation with Harris Health System as alleged in the first sentence, or the consequences of that affiliation as alleged in the second sentence.  Deny the allegations in the third sentence.

31.     Defendants admit that the National Alliance on Mental Health ("NAMI") is a mental health organization but lack information or knowledge sufficient to admit or deny Plaintiffs' description of NAMI's mission, members, and affiliates as alleged in this paragraph.

32.     Defendants lack information or knowledge sufficient to admit or deny Plaintiffs' allegations regarding NAMI's corporate status, as alleged in this paragraph.

33.     Deny, except admit that access to care is important for individuals with mental illness.

34.     Defendants admit that Mental Health America ("MHA") is an advocacy organization involved in mental health issues but lack information or knowledge sufficient to admit or deny Plaintiffs' specific description of MHA in this paragraph.

35.     Defendants lack information or knowledge sufficient to admit or deny Plaintiffs' allegations regarding MHA's corporate status in this paragraph.

36.     Defendants lack information or knowledge sufficient to admit or deny Plaintiffs' description of MHA and its affiliates in this paragraph.

37.     Defendants lack information or knowledge sufficient to admit or deny Plaintiffs' description of MHA's interests or beliefs, or the reasons for those beliefs, as alleged in the first and second sentences.  The third sentence contains only legal argument regarding the effects of the STLDI Rule, not averments of fact to which a response is required.  To the extent a response is deemed necessary, deny.

38.     Defendants lack information or knowledge sufficient to admit or deny Plaintiffs' description of MHA's work in the first sentence.  The remaining allegations in this paragraph consist only of Plaintiffs' characterization of MHA's April 9, 2018 comment to the STLDI Rule, which speaks for itself and to which no response is required.  To the extent a response is deemed necessary, deny.

39.     Defendants admit that the American Psychiatric Association ("APA") is a medical association but lack information or knowledge sufficient to admit or deny the specific characterizations of the APA, its mission, and its members contained in this paragraph.

40.     Defendants lack information or knowledge sufficient to admit or deny the allegations regarding the APA's corporate status in this paragraph.

41.     As to the first sentence, Defendants lack information or knowledge sufficient to admit or deny where the APA's members work and what types of insurance they choose to accept.  Deny the second sentence.  As to the third sentence, admit that an individual who purchases an STLDI plan could subsequently develop a mental health or substance abuse disorder; lack information sufficient to admit or deny the remainder of the sentence.  Deny the remainder of the paragraph.

42.     Deny the first, second, third, and fourth sentences.  Defendants lack information sufficient to admit or deny the fifth and sixth sentences.  Defendants deny the remaining allegations in this paragraph.

43.     Defendants admit that Plaintiff AIDS United is an organization serving people with HIV in the United States but lack information or knowledge sufficient to admit or deny the specific characterizations of AIDS United and its affiliates alleged in this paragraph.

44.     Defendants lack information or knowledge sufficient to admit or deny Plaintiffs' description of AIDS United's corporate status in this paragraph.

45.     As to the first sentence, Defendants admit that some STLDI policies are not available to individuals with preexisting conditions but lack information or knowledge sufficient to admit or deny Plaintiffs' generalizations about all STLDI policies.  The second and third sentences of this paragraph consist only of Plaintiffs' characterization of the cited study, which speaks for itself and to which no response is required.  As to the fourth sentence, deny that individuals with HIV necessarily must purchase insurance on the ACA marketplaces.  As to the fifth sentence, deny that the STLDI Rule necessarily will increase the cost of all ACA-compliant insurance or adversely affect individuals with HIV.  Deny the allegations in the sixth and seventh sentences.

46.     Defendants lack information or knowledge sufficient to admit or deny Plaintiffs' allegations about the work of the National Partnership for Women & Families ("NPWF") in this paragraph.

47.     Defendants lack information or knowledge sufficient to admit or deny Plaintiffs' description of the corporate status of NPWF in this paragraph.

48.     Defendants lack information or knowledge sufficient to admit or deny Plaintiffs' description of NPWF's advocacy and its effects in this paragraph.

49.     Defendants admit that NPWF submitted a comment during the 2018 STLDI rulemaking process but lack information or knowledge sufficient to admit or deny whether that comment was consistent with NPWF's beliefs.  The remainder of this paragraph contains only a characterization of NPWF's comment, which speaks for itself and to which no response is required.

50.     The first sentence contains only a characterization of NPWF's comment on the STLDI Rule, which speaks for itself and to which no response is required.  Deny the allegations in the remainder of this paragraph.

51.     Defendants lack information or knowledge sufficient to admit or deny NPWF's position regarding STLDI plans, whether the STLDI Rule is consistent with NPWF's mission and advocacy, or how NPWF will choose to direct its resources.

52.     Defendants admit that Plaintiff Little Lobbyists is an advocacy organization but lack information or knowledge sufficient to admit or deny Plaintiffs' characterization of its structure, membership and geographical location, as alleged in this paragraph.

53.     As to the first sentence, Defendants lack information or knowledge sufficient to admit or deny Plaintiffs' description of the families that compose Little Lobbyists or the insurance options available to them.   As to the first clause of the second sentence, Defendants lack information sufficient to admit or deny the insurance options available to Little Lobbyists' families.   As to the second clause of the second sentence, deny that the premiums of Little Lobbyists' families necessarily will increase as a result of the STLDI Rule.   As to the third sentence, Defendants lack information sufficient to admit or deny whether and to what extent Little Lobbyists' families are eligible for premium tax credits.

54.     Admit.

55.     Admit.

56.     Admit.

57.     Admit.

58.     Admit.

59.     Admit.

60.     This paragraph contains only conclusions of law and not averments of fact to which a response would be required.

## IV.
## FACTUAL ALLEGATIONS

61.     Defendants admit that, prior to 1997, STLDI plans served as a coverage option for individuals who might otherwise experience a lapse in coverage and note that STLDI plans continue to serve that role.

62.     The first three sentences of this paragraph contain only characterizations of some of the individual market reforms established under the Health Insurance Portability and Accountability Act ("HIPAA"), not allegations of fact, and as such, no response is required. Defendants respectfully refer the Court to HIPAA for a complete and accurate statement of its contents.  Defendants deny the fourth sentence.

63.     As to the first sentence, Defendants admit that the Departments adopted an interim final rule in 1997 (the "1997 Rule").  The second sentence contains only a characterization of the 1997 Rule, which speaks for itself and to which no response is required.  The third sentence contains only a characterization of a final rule adopted in 2004 (the "2004 Rule"), which speaks for itself and to which no response is required.

64.     The first sentence contains only characterizations of comments submitted as part of the 2018 STLDI rulemaking process, which speak for themselves and to which no response is required.  The first clause of the second sentence contains only a characterization of the 1997 Rule, which speaks for itself and to which no response is required.  As to the second clause of the second sentence, deny that the Departments did not give close consideration to the definition of "short term" in the 1997 Rule.  The first clause of the third sentence contains only a characterization of HIPAA, which speaks for itself and to which no response is required.  As to the second clause of

the third sentence, deny that the classification of a plan as STLDI "made no significant practical difference." As to the fourth sentence, admit that the definition in the 1997 Rule went unchallenged.

65.     The first and second sentences contain only a characterization of the ACA, which speaks for itself and to which no response is required. As to the third sentence, admit only that, prior to the ACA's enactment, some individuals were denied individual health insurance coverage or charged higher premiums for such coverage than other individuals. As to the fourth sentence, Defendants lack information or knowledge sufficient to admit or deny what discrimination, if any, specific individuals faced in different states before the ACA's enactment, but admit that individuals in different states were subject to different state-level requirements, depending on the state in which those individuals lived. As to the fifth sentence, admit only that health insurance may have been unavailable for some consumers prior to the enactment of the ACA; otherwise deny. Defendants note further that fluctuations in cost in the individual health insurance market since the ACA was enacted have also "made health insurance unavailable to many Americans as a practical matter."

66.     This paragraph contains Plaintiffs' incomplete and inaccurate characterization of the ACA, and legal arguments regarding the same, not allegations of fact, and, as such, no response is required. Defendants respectfully refer the Court to the ACA for a complete and accurate statement of its contents. To the extent a further response is required, deny.

67.     This paragraph contains Plaintiffs' characterization of the ACA, not allegations of fact, and, as such, no response is required. Defendants respectfully refer the Court to the ACA for a complete and accurate statement of its contents.

68.     This paragraph contains Plaintiffs' characterization of the ACA, not allegations of fact, and, as such, no response is required.  Defendants respectfully refer the Court to the ACA for a complete and accurate statement of its contents.

69.     The first five sentences of this paragraph contain Plaintiffs' characterizations of the ACA, and legal arguments regarding the same, not allegations of fact, and, as such, no response is required.  Defendants respectfully refer the Court to the ACA for a complete and accurate statement of its contents.  The sixth sentence contains only a characterization of the cited comment, which speaks for itself and to which no response is required.

70.     This paragraph contains Plaintiffs' inaccurate characterization of the ACA, not allegations of fact, and, as such, no response is required.  Defendants respectfully refer the Court to the ACA for a complete and accurate statement of its contents.  To the extent a further response is required, deny.

71.     The first sentence contains only a legal conclusion, not allegations of fact to which a response is required.  The second sentence contains only an inaccurate characterization of the ACA, not allegations of fact, and as such, no response is required.  Defendants respectfully refer the Court to the ACA for a complete and accurate statement of its contents.  To the extent a further response is deemed necessary, deny.

72.     Admit only that the Departments promulgated the 2016 Rule; otherwise deny.

73.     This paragraph contains only a characterization of the 2016 Rule, which speaks for itself and to which no response is required.

74.     The first and second sentences of this paragraph contain only a characterization of the 2016 Rule, which speaks for itself and to which no response is required.  Deny the third sentence and deny that STLDI plans necessarily compete with ACA-compliant plans.

75.     This paragraph contains only a characterization of the 2016 Rule, which speaks for itself and to which no response is required.

76.     As to the first sentence, admit that the President supported repeal of the ACA but note that only Congress can repeal the ACA.  As to the remainder of the paragraph, admit that legislation to repeal the ACA has been proposed and voted on but not enacted.

77.     This paragraph contains only characterizations of the ACA and subsequent legislation, which speak for themselves and to which no response is required.

78.     The first sentence of this paragraph contains only a characterization of the Tax Cuts and Jobs Act, 131 Stat. 2054 (Dec. 22, 2017), which speaks for itself and to which no response is required.  The second sentence contains only a characterization of a statement alleged to have been made by Senator Mitch McConnell, which speaks for itself and to which no response is required. The remainder of the paragraph contains only characterizations of two cited surveys, which speak for themselves and to which no response is required.

79.     This paragraph contains only characterizations of proposed legislation, the cited Executive Order, and the proposed STLDI Rule, which speak for themselves and to which no response is required.

80.     This paragraph contains only characterizations of comments to the STLDI Rule, which speak for themselves and to which no response is required.

81.     Admit that the Departments published the STLDI Rule in the Federal Register on August 3, 2018.  The remainder of this paragraph contains only a characterization of the STLDI Rule, which speaks for itself and to which no response is required.

82.     This paragraph contains only a characterization of the STLDI Rule, which speaks for itself and to which no response is required.

83.     This paragraph contains only a characterization of the STLDI Rule, which speaks for itself and to which no response is required.

84.     This paragraph contains only a characterization of the STLDI Rule, which speaks for itself and to which no response is required.

85.     This paragraph contains only a characterization of the STLDI Rule, which speaks for itself and to which no response is required.

86.     Deny the first sentence.   The remainder of the paragraph contains only a characterization of the STLDI Rule, which speaks for itself and to which no response is required.

87.     The first five sentences of this paragraph contain only characterizations of the STLDI Rule, a comment pertaining to the Rule, and analyses and studies considered by the Rule, which speak for themselves and to which no response is required.  Defendants lack information or knowledge sufficient to admit or deny the sixth sentence.  Deny the seventh sentence.  The eighth sentence contains only a characterization of the cited article, which speaks for itself and to which no response is required.

88.     This paragraph contains only a characterization of comments to the STLDI Rule, which speak for themselves and to which no response is required.

89.     Deny the allegations in the first and second sentences.   The remainder of the paragraph contains only characterizations of two cited comments, which speak for themselves and to which no response is required.

90.     Deny.

91.     As to the first sentence, Defendants deny that individuals who enroll in STLDI plans are necessarily at greater risk than those who do not.  As to the second sentence, Defendants deny that STLDI plans can necessarily rescind or retroactively cancel coverage in all

circumstances but admit that insurers that sell health insurance plans on the ACA Exchanges are limited in their ability to rescind coverage.  Defendants lack information or knowledge sufficient to admit or deny the anecdote in the third sentence.

92.     As to the first sentence, deny and note that different STLDI plans cover different benefits and services, depending on the plan and the state in which it is offered.  The remainder of the paragraph contains only characterizations of a Kaiser Family Foundation issue brief and a NAMI fact sheet, which speak for themselves and to which no response is required.

93.     This paragraph contains only characterizations of a Center for American Progress fact sheet and a Truven Health Analytics Marketscan study, which speak for themselves and to which no response is required.

94.     The first sentence of this paragraph contains only a characterization of the STLDI Rule, which speaks for itself and to which no response is required.  The second sentence contains only argument and a legal conclusion, not averments of fact to which a response is required.

95.     The first and second sentences of this paragraph contain only inaccurate characterizations of the STLDI Rule and comments submitted during the rulemaking process, not allegations of fact, and as such, no response is required.  The Court is respectfully referred to the STLDI Rule and comments submitted during the rulemaking process for a complete and accurate statement of their contents.  To the extent a further response is required, deny.  Deny the third sentence.

96.     The first sentence contains only a characterization of comments submitted during the rulemaking process, which speak for themselves and to which no response is required.  Deny the second sentence except to admit that the STLDI Rule became effective as of October 2, 2018.

# V.
## CAUSES OF ACTION

**A.    FIRST CAUSE OF ACTION (Administrative Procedure Act—Contrary to Law—"Short Term")**

97.    This paragraph contains only a cross-reference to allegations answered in the paragraphs above, and thus no response is required.

98.    This paragraph contains only a characterization of the Administrative Procedure Act ("APA"), which speaks for itself and to which no response is required.

99.    Deny.

100.    Deny.

101.    Deny.

102.    Deny.

103.    Deny.

**B.    SECOND CAUSE OF ACTION (Administrative Procedure Act—Contrary to Law—"Limited Duration")**

104.    This paragraph contains only a cross-reference to allegations answered in the paragraphs above, and thus no response is required.

105.    This paragraph contains only a characterization of the APA, which speaks for itself and to which no response is required.

106.    Deny.

107.    The paragraph contains only legal arguments, to which no response is required, but to the extent a response is deemed required, deny.

108.    Defendants deny the first sentence of this paragraph. The second and third sentences contain only argument and a characterization of the ACA, to which no response is required. The remainder of this paragraph is denied.

109.    Defendants deny the allegations in the first and third sentences.   The second sentence contains only a characterization of HIPAA, which speaks for itself and to which no response is required.

110.    Deny.

111.    Deny.

## C.      THIRD CAUSE OF ACTION (Arbitrary and Capricious)

112.    This paragraph contains only a cross-reference to allegations answered in the paragraphs above, and thus no response is required.

113.    This paragraph contains only a characterization of the APA, which speaks for itself and to which no response is required.

114.    Deny.

115.    Deny.

116.    Deny.

117.    Deny.

118.    Deny.

119.    Deny.

120.    Deny.

121.    Deny.

122.    Deny.

123.    Deny.

**D.**     **FOURTH CAUSE OF ACTION (Failure to Engage in Notice-and-Comment Rulemaking)**

85.     This paragraph contains only a cross-reference to allegations answered in the paragraphs above, and thus no response is required.[3]

86.     This paragraph contains only a characterization of the APA, which speaks for itself and to which no response is required.

87.     Deny.

88.     Deny.

89.     Deny.

## VI.
## PRAYER FOR RELIEF

This paragraph contains only a characterization of the relief sought in the Complaint, not averments of fact to which a response would be required.  Defendants deny that Plaintiffs are entitled to the relief requested.

Defendants specifically deny all allegations in the Complaint not otherwise answered herein, and deny that Plaintiffs are entitled to the relief requested in the Complaint or to any relief whatsoever.

### DEFENSES

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     This Court lacks subject matter jurisdiction to grant the relief requested in the Complaint.

Dated: November 19, 2018                    Respectfully submitted,

                                            CHAD A. READLER
                                            Acting Assistant Attorney General

---

[3] Here again, Plaintiffs' paragraph numbering is non-sequential, and Defendants use Plaintiffs' numbering.

JEAN LIN
Acting Deputy Director

*/s/ Serena Orloff*
SERENA M. ORLOFF
California Bar No. 260888
BRADLEY P. HUMPHREYS
D.C. Bar No. 988057
Trial Attorneys, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(P) (202) 305-0167; (F) (202) 616-8470
Serena.M.Orloff@usdoj.gov
Bradley.Humphreys@usdoj.gov

*Attorneys for Defendants*